# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| MELROY JOHNSON, SR., | |
| Petitioner, | No. C06-4100-MWB |
| vs. | **ORDER REGARDING PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## I. INTRODUCTION AND BACKGROUND

On September 28, 1999, a three-count indictment was returned against petitioner Melroy Johnson, Sr. charging him with distributing cocaine base ("crack cocaine") and aiding and abetting in the distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C); possessing approximately 25 grams of crack cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B), and possessing approximately 16 grams of crack cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B). On January 6, 2000, after a four-day jury trial, petitioner Johnson was convicted on all counts. On July 30, 2001, the court sentenced petitioner Johnson to 175 months imprisonment. Petitioner Johnson appealed his conviction. The government cross-appealed from the five-year downward departure the court granted based on petitioner Johnson's physical condition. The Eighth Circuit Court of Appeals affirmed petitioner Johnson's conviction and reversed and remanded for re-sentencing. *See United States v. Johnson*, 318 F.3d 821, 822 (8th Cir. 2003). Following remand, petitioner Johnson filed an ex parte application under the Criminal Justice Act,

18 U.S.C. § 3006A(e)(3) (2003), seeking funds with which to obtain an expert to help substantiate his claim that he was entitled to a downward departure on the basis of a medical condition  Although the court recommended approval of an advance authorization of up to $3,000, the Chief Judge of the Eighth Circuit Court of Appeals denied the authorization.  The court then sentenced petitioner Johnson to 235 months imprisonment. Following re-sentencing, petitioner Johnson appealed his sentence, arguing that the denial of the requested funds deprived him of due process and the effective assistance of counsel. On December 14, 2004, the Eighth Circuit Court of Appeals dismissed petitioner Johnson's appeal, concluding that it did not have jurisdiction to review its Chief Judge's decision denying petitioner Johnson's request for funds. *United States v. Johnson*, 391 F.3d 946 (8th Cir. 2004).

On April 26, 2005, the Eighth Circuit Court of Appeals vacated its dismissal of petitioner Johnson's appeal and granted the parties permission to file supplemental briefs in light of the United States Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005).  Petitioner Johnson then appealed sentencing enhancements imposed by the court for drug quantity, obstruction of justice, and a leadership role in the offense.  *See United States v. Johnson*, 416 F.3d 884, 885 (8th Cir. 2005).  The court of appeals concluded that while the jury did not make factual findings as to quantity, because petitioner Johnson agreed at sentencing that he had possessed the quantity proved at trial, the court's enhancement based on drug quantity raised no constitutional concerns.  *Id*.  The court of appeals, however, held that imposition of enhancements under mandatory sentencing guidelines regime were erroneous in light of *Booker* because they were imposed on the basis of judge-found facts in a mandatory Sentencing Guidelines regime and vacated petitioner Johnson's sentence and remanded for re-sentencing.  *Id*. at 886.  On January 5, 2005, the court sentenced petitioner Johnson to 175 months imprisonment.

2

Petitioner Johnson did not appeal.  Instead, on December 6, 2006, petitioner Johnson filed a Motion To Vacate Judgment Under 28 U.S.C. § 2255.  In his motion, petitioner Johnson challenges the validity of his conviction under the United States Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005).  Petitioner Johnson contends that he did not stipulate at sentencing that he had possessed the quantity proved at trial.  The court set a briefing schedule for petitioner Johnson's motion.  Although the court has granted petitioner Johnson several extensions of time in which to file a brief in support of his motion, he has not done so.

## II.  LEGAL ANALYSIS
### A.  Standards For Relief Pursuant To § 2255

The court must first consider the standards applicable to a motion for relief from sentence pursuant to 28 U.S.C. § 2255.  Section 2255 of Title 28 of the United States Code provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *Bear Stops v. United States*, 339 F.3d 777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States.").  Thus, a motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *United*

3

*States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)); *accord Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (quoting *Wilson*). On the other hand,

> Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594-95, 71 L. Ed. 2d 816 (1982), or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice. *See United States v. Smith*, 843 F.2d 1148, 1149 (8th Cir. 1988) (*per curiam*).

*Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*); *accord Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'") (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998), with citations omitted).

The "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005). Otherwise, "[t]he Supreme Court recognized in *Bousley* that 'a claim that "is so novel that its legal basis is not reasonably available to counsel" *may* constitute cause for a procedural default.'" *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (quoting *Bousley*, 523 U.S. at 622, with emphasis added, in turn quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). "Actual prejudice" requires a showing that the alleged error "'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Johnson*, 278 F.3d at 844 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1981), and explaining, further, that the movant must show that there is a substantial likelihood that, absent the error, a jury would have

4

acquitted him of the charged offense). To establish "actual innocence," as an alternative way to resuscitate a procedurally defaulted claim, "'petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Id.* (quoting *Bousley*, 523 U.S. at 623). "'This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a [conviction on the charged offense].'" *Id.* (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

The Eighth Circuit Court of Appeals will review the district court's decision on a § 2255 motion *de novo*, regardless of whether the district court's decision grants or denies the requested relief. *Compare United States v. Hilliard*, 392 F.3d 981, 986 (8th Cir. 2004) ("We review the district court's decision to grant or deny relief on a petitioner's ineffective assistance of counsel claim de novo.") (citing *United States v. White*, 341 F.3d 673, 677 (8th Cir. 2003)); *with United States v. Hernandez*, 436 F.3d 851, 854 (8th Cir. 2006) ("'We review de novo the district court's denial of a section 2255 motion.'") (quoting *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005)). However, "[a]ny underlying fact-findings are reviewed for clear error.'" *Hernandez*, 436 F.3d at 855 (quoting *United States v. Davis*, 406 F.3d 505, 508 (8th Cir. 2005)).

### *B. Analysis of issue*

Petitioner Johnson asserts that he did not stipulate at sentencing that he had possessed the quantity proved at trial, therefore, the court's factual finding regarding drug quantity violated the United States Supreme Court's decision in *United States v. Booker*, 543U.S. 220 (2005). As this issue was raised before and rejected by the Eighth Circuit Court of appeals on direct review, *see Johnson*, 416 F.3d at 885, petitioner Johnson cannot raise this issue again in a § 2255 context. *See United States v. Wiley*, 245 F.3d

5

750, 752 (8th Cir. 2001); *United States v. McGee*, 201 F.3d 1022, 1023 (8th Cir. 2000); *Dall v. United States*, 957 F.2d 571, 572 (8th Cir. 1992). Therefore, petitioner Johnson's motion is denied.[1]

### C. Certificate Of Appealability

Petitioner Johnson must make a substantial showing of the denial of a constitutional right in order to be granted a certificate of appealability in this case. *See Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U .S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 123 S. Ct. at 1040 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The court determines that petitioner Johnson's petition does not present questions of substance for appellate review, and therefore, does not make the requisite showing to satisfy § 2253(c). *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b). With respect to petitioner Johnson's claims, the court shall not grant a

---

[1] Even if petitioner Johnson could raise such a challenge here, the court would deny it on the ground that petitioner Johnson has abandoned this claim by failing to file a timely brief on the issue despite being granted several extensions of time in which to do so.

6

certificate of appealability pursuant to 28 U.S.C. § 2253(c).

### *III. CONCLUSION*

Petitioner Johnson's § 2255 motion is **denied**, and this matter is **dismissed in its entirety**. Moreover, the court determines that the petition does not present questions of substance for appellate review. *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b). Accordingly, a certificate of appealability will not issue.

**IT IS SO ORDERED.**

**DATED** this 12th day of September, 2007.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA